✝ SAMUEL BARR ET AL. v. H. CLOSTERMAN ET AL.

ABSENCE OF SOME ORIGINAL PAPERS WITH PETITION DOES NOT DEPRIVE JURISDICTION—
TIME GIVEN.

 Where all of the original papers in a case necessary to exhibit the error complained of
 are not filed with the petition in an error case, this does not deprive the reviewing
 court of jurisdiction thereof, but such court may require the provisions of the statute
 to be complied with, and on a failure by the plaintiff in error to do this, may dismiss
 the case.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The plaintiffs in error seek in this proceeding the reversal of a judgment of
the court of common pleas, setting aside at the same term an order made by it,
admitting a certain will to probate and record.  The defendants in error move
to strike the petition in error from the files, upon the ground that the plaintiff did
not comply with the provisions of sec. 6716, of the Revised Statutes.  That is, that
they did not file with the petition a transcript of the final record, or a transcript of
the docket or journal entries, with such original papers or transcripts thereof as are
necessary to exhibit the error complained of—the fact being, as we understand,
that only the renewed application to admit the will to record in the probate court,
with the action of that court certifying the cause to the common pleas, and the
transcript of the journal entries of that court afterwards made, are filed with the
petition.

We have full knowledge, from the original case having once before been in
this court, that by the action of the probate court, long before, other parties were
allowed to intervene and file answers, and contest the probate of such will, and that
there are many depositions and papers which had been filed in that proceeding.
When the action and judgment of the probate court therein was reversed and
remanded to that court for a new trial, application was again made to that court
for the admission of the same will to probate, and as is conceded, the probate
judge having been interested in the case as an attorney, declined to hear the case,
and under the provisions of sec. 535, Rev. Stat., he certified the matters and pro-
ceedings to the court of common pleas, and it became his duty to "forthwith file
with the clerk of the court of common pleas, all original papers connected with
the proceedings."   In contemplation of law these are now part of the files of the
common pleas court, and, we can readily see, may be very material in determining
the question whether there was error in the judgment of the court of common
pleas complained of, and they should have been filed with the petition in error.

Our holding in other cases has been, that if there has been a failure to com-
ply with the provisions of section 6716, that the petition in error will not be dis-
missed for this reason, but that we would allow or require the papers to be filed
in this court.

The motion to dismiss now, therefore, will not be granted, but an order may
be entered that unless the proper papers are so filed within a reasonable time,
say ten days, the petition will be dismissed.

R. A. Harrison, Bateman & Harper and J. Ledyard Lincoln, for motion.

S. T. Crawford, contra.

 * For previous decisions of the circuit court, on appeal and error from first and second application to
probate will, see 1 Circ. Dec., 546 and 2 Circ. Dec., 251.  For subsequent decisions, on appeal in partition
and application to probate will, see post 638 and 641.